# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.:   1:11 CR 00070** |
| | ) | |
| **Plaintiff** | ) | **JUDGE DAVID D. DOWD, JR.** |
| | ) | |
| -vs- | ) | |
| | ) | |
| **RICHARD PERSA** | ) | **REQUEST FOR DISCOVERY** |
| | ) | |
| **Defendant** | ) | |

Now comes the Defendant**,** and requests the United States of America, by and through the United States Attorney, to grant discovery to the Defendant of the following items:

1) *Statements.*  All written and oral statements made by Defendant.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of Defendant are contained.  The substance of statements the government intends to introduce are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*.

2) *Documents, Statements, Reports, Tangible Evidence.*  Production of all documents, statements, agents' reports, and tangible evidence favorable to the Defendant on the issue of guilt or which affects the credibility of the government's case.  This evidence must be produced, pursuant to *Brady v. Maryland* and *United States v. Agurs*, 99 S.Ct 2392 (1976).

3) *Prior Record/Other Act Evidence.*  All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim.

P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. This request also includes Defendant's "rap" sheet and/or NCIC computer check on Defendant.

4) *__Seized Evidence.__* All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C).

5) *__Agent's Reports, Notes, Memos.__* All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Defendant. These reports are available under Fed. R. Crim. P. 16(a)(1)(B) and (C); and Fed. R. Crim. P. 26.2 and 12(i). This request includes affidavits in support of search warrants and the lists of items seized in the execution of any search warrant. In addition, any witness interview notes that could be considered to be statements attributable to the witness are requested. See, __Goldberg v. United States__, 96 S.Ct. 1338 (1976).

6) *__Other Documents/Tangible Objects.__* All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to Defendant's defense or intended for use in the government's case-in-chief or were obtained from or belong to Defendant. Specifically requested also are all documents, items and other information seized pursuant to any search. This is available under __Brady__ and Fed. R. Crim. P. 16(a)(1)(C).

7. *__Bias of Government Witnesses.__* Any evidence that any prospective government witness is biased or prejudiced against Defendant or has a motive to falsify or distort his/her testimony. See, __Pennsylvania v. Ritchie__, 480 U.S. 39 (1987); __United States v. Strifler__, 851 F.2d 1197 (9th Cir. 1988).

8. *__Prior Record/Other Acts of Government Witnesses.__* Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See, F.R.E. Rule 608(b) and *Brady*.

9. *__Investigation of Witnesses.__* Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.), 474 U.S. 945 (1985).

10. *__Evidence Regarding Ability to Testify.__* Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 198); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978).

11. *__Personnel Files.__* It is requested that the government review and produce each agent's personnel file for review for information requested in paragraphs (7) – (10) above so that a determination can be made whether there is any impeaching information contained in the files. See, *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Montaluo*, 1992 U.S. App. Lexis 18863 (9th Cir. 1992).

12. *__Government Witnesses.__* The name and last known address of each prospective government witness. See, *United States v. Neap*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 583 (9th Cir. 1983)(failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979)(defense has equal right to talk to witnesses).

13. **_Other Witnesses._** The name and last know address of every witness to the alleged offenses (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1469 (9th Cir. 1984).

14. **_Favorable Testimony._** The name of any witness who made an arguably favorable statement concerning Defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 214, 223 (4th Cir. 1980); <u>James V. Jag</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1975).

15. **_Specific Inquiries of Agents._** It is requested that the government make specific inquiry of each government agent connected to the case for the information requested in Paragraphs 12-14. <u>United States v. Jackson</u>, 780 F.2d 1305 (6th Cir. 1986); <u>United States v. Butler</u>, 567 F.2d 885, 889 (9th Cir. 1978).

16. **_Rule 26.2 Material/Timing of Production._** It is requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficient in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross-examination.

17. **_Experts/Resumes._** The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

18. **_Expert's Reports and Summaries._** Production of any and all reports of any examinations or tests is requested, pursuant to Rule 16(a)(1)(D). In addition, it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702, 703 and 705. As required by Rule 16(a)(1)(E), the summaries must describe the

witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications.  <u>See</u>, Fed. R. Crim. P. 16(a)(1)(E) (added December 1, 1993).

19.     ***Promises made or "Deals" with Government Witnesses.***  Under <u>Gigilio v. United States</u>, 405 U.S. 150 (1972), the government must provide all promises of consideration given to witnesses.  <u>See</u>, <u>also</u>, <u>United States v. Shaffer</u>, 789 F.2d 682 (9th Cir. 1986).

20.     ***Statement by Government of Refusal to Provide.***  If the government has any of the above-requested items or the items required by the rules, law, or court order, but refuses to provide them to the defense, Defendant requests a statement as to the existence of the items and the refusal to provide them.

                Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 241-6868
(216) 241-5464  (FAX)
**ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing motion has been filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
**ATTORNEY FOR DEFENDANT**

5