# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.:  1:11 CR 070** |
| | ) | |
| Plaintiff | ) | **JUDGE DAVID D. DOWD, JR.** |
| | ) | |
| -vs- | ) | |
| | ) | |
| **RICHARD PERSA** | ) | **MOTION TO SEVER DEFENDANTS** |
| | ) | |
| Defendant | ) | |
| | ) | |

Now comes the Defendant, Richard Persa, by and through counsel, and respectfully moves this Honorable Court, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, for an order severing his trial from that of his co-defendant, Matthew Holland.  The reasons for this motion are contained in the brief attached hereto.

                          Respectfully submitted,

                          *s/ David L. Grant*
                          **DAVID L. GRANT  (#0008407)**
                          *GRANT & O'MALLEY CO., L.P.A.*
                          1350 Standard Building
                          1370 Ontario Street
                          Cleveland, OH 44113
                          (216) 241-6868
                          (216) 241-5464  (FAX)
                          **ATTORNEY FOR DEFENDANT**

**BRIEF**

Defendant Richard Persa is charged in a five count indictment with violations of 18 USA 2113(a). Co-defendant Matthew Holland is charged in the same counts. On March 2, 2011, this Court issued an order setting both defendants for trial on April 25, 2011.

Through discovery counsel has learned that on January 14, 2011 both defendants made statements to FBI agents. Each defendant made statements implicating the other in the bank robberies referred to in the indictment.

Rule 14 of the Federal Rules of Criminal Procedure provides:

> (a) If the joinder of offenses or defendants in an indictment, or a consolidation for trial, appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The Government will likely use Defendant Holland's statements to implicate Defendant Persa in the bank robberies set forth in counts one through five. If the Government is permitted to use Mr. Holland's statements against Defendant Persa and he does not testify, Defendant Persa will be denied his Sixth Amendment right to confront and cross-examine witnesses against him. *Bruton v. United States*, 391 U.S. 123 (1968). The only way the Government could use Mr. Holland's out-of-court statements in a joint trial would be to redact any reference directly or indirectly to Defendant Persa. *Richardson v. Marsh*, 481 U.S. 200 (1987). However, given the nature of these statements, such redaction is unlikely.

For the foregoing reasons, Defendant Persa respectfully moves this Court to sever his trial for that of Defendant Matthew Holland.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 241-6868
(216) 241-5464 (FAX)
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing motion has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*s/ David L. Grant*
**DAVID L. GRANT (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
**ATTORNEY FOR DEFENDANT**