IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.:  1:11 CR 070** |
| | ) | |
| **Plaintiff** | ) | **JUDGE DAVID D. DOWD, JR.** |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| **RICHARD PERSA** | ) | **MOTION TO SUPPRESS** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

Now comes the Defendant, Richard Persa, by and through counsel, and hereby moves this Honorable Court for an order suppressing all statements made by him to Cleveland Police on January 13, 2011, all items seized from him on this date and all statements made to government agents on January 14, 2011 as the result of an illegal search and seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

A brief in support is attached hereto.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 241-6868
(216) 241-5464  (FAX)
**ATTORNEY FOR DEFENDANT**

I.    **STATEMENT OF THE CASE**

Defendant has been charged in a five count indictment with violations of 18 USC 2113(a).  Based upon discovery received from the Government, it will be alleged that on January 13, 2011 at approximately 9:00 A.M. a masked individual attempted to rob the Subway at 3494 West 25th Street in Cleveland.  Store employees provided Cleveland Police with a description of the assailant's clothing, physical stature, and accent.  His face was covered exposing only his eyes and nose.  No weapon was observed.  Police received a tip from an anonymous Subway customer that the male was observed running from the restaurant to an apartment building at West 25th Street and Marvin Avenue.

Cleveland Police spoke with tenants at the building who claimed that a male matching the description previously provided resembled a tenant in Unit 2.  Police also claim to have observed wet footprints leading to that unit.  The property manager provided police with the names of Richard Persa and Matthew Holland as the residents of this unit.  Police knocked on the door and received no response.

Hours later Cleveland Detectives Shoulders and Borden traveled to the apartment building as part of a follow-up investigation.  The detectives entered the unit and questioned Holland whether he was home alone.  The officers purportedly heard noise in a back bedroom.  Detective Shoulders entered the room and observed Persa lying facedown on or near a mattress.  Shoulders drew his weapon, handcuffed Persa and led him into the kitchen.  While handcuffed Persa was questioned about the Subway robbery.  After initially denying involvement, the officers claim that Persa admitted the Subway robbery and involvement in the bank robberies specified in the indictment.

During and after questioning of Persa the officers confiscated various items of apparel from Persa including a green coat, gray sweatshirt, white knit cap, and black knit gloves.  A DVD of the movie "Town" was also retrieved from Persa's room by the officers.

Mr. Persa was subsequently conveyed to Cleveland city jail by the officers and he was interrogated by Government agents Kerry, McCafferty, Garner and Comerford.  Defendant allegedly provided these agents with a rendition of his involvement in the bank robberies which are the subject of this indictment.

II.    **DEFENDANT PERSA'S STATEMENTS TO CLEVELAND DETECTIVES AND GOVERNMENT AGENTS, AND THE PROPERTY CONFISCATED FROM HIS APARTMENT WERE THE PRODUCT OF AND INFLUENCED BY WARRANTLESS ILLEGAL ARREST IN VIOLATION OF HIS RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**

The Fourteenth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

The warrantless arrest of a person is a seizure under the Fourth Amendment which must be reasonable. *Payton v. New York*, 445 U.S. 573 (1980). As a general rule, warrantless seizures or arrests may only be made where there is probable cause to believe that a felony is being or has been committed by the arrested individual based on a totality of circumstances. *Illinois v. Gates*, 462 U.S. 213 (1983). However, the arrest of an individual inside their home without a warrant is per se unreasonable even with probable cause absent exigent circumstances. *Payton*, supra at 590. As stated by the Supreme Court in *Payton*:

> In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant. Id. at 590.

Seizure or arrest occurs when considering surrounding circumstances police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business. *Florida v. Bostick*, 501 U.S. 479 (1991). *Kaupp v. Texas*, 538 U.S. 626 (2003). This test is an objective one focusing not on the officer's motivations but on how their actions would reasonably be understood. *Kaupp*, supra at 632.

It is uncontroverted that Cleveland Police did not have a warrant when they entered the home of Richard Persa on January 13, 2011. Within minutes of entering the unit, detectives placed Mr. Persa at gunpoint and put him in handcuffs. This constituted an arrest under any objective standard. At this juncture police had a fairly vague physical description of the Subway robber, information concerning an accent, and an informant's tip that he may have entered Persa's apartment building. Police lacked probable cause to even effectuate an arrest at this point. However, even assuming arguendo probable cause existed, exigent circumstances were not present to justify this warrantless arrest. The Subway robbery occurred at approximately 9:00 A.M. Cleveland Police went to Persa's apartment building a short time later and no one answered the door. Detectives did not return to the apartment until a number of hours later. The Government had ample time to secure the unit and obtain a warrant in the interim.

After Mr. Persa was illegally arrested, he was placed in the kitchen and immediately and repeatedly questioned about the Subway robbery and a series of bank robberies. His responses while in handcuffs were clearly the product of this illegal detention. The search of Persa's room and closet were also the product of this activity. Following his arrest Persa was transported to Cleveland city jail where he was again interrogated by federal agents while still under the duress of his illegal detention.

It is well established that when statements and evidence are obtained by the exploitation of an illegal arrest, the statements and evidence may not be used against the accused. _Kaupp_, supra; _Brown v. Illinois_, 422 U.S. 590 (1975); _Wong Sun v. United States_, 371 U.S. 471 (1963). Physical evidence, even when obtained with consent, cannot be used if such consent is tainted by the illegal arrest. _United States v. Bradley_, 922 F. 2d. 1290 (6th Cir. 1991). The Fourth Amendment analysis focuses on the casual connection between the illegality and the statements and evidence secured as a result. _Dunaway v. New York_, 442 U.S. 200 (1979). The evidence adduced at hearing will demonstrate that all of the statements and evidence obtained by federal agents and Cleveland Police was the direct product of his illegal arrest.

For the foregoing reasons, Defendant Persa respectfully requests that the court suppress all statements made by Defendant Persa to Cleveland Police and federal agents as well as all physical evidence confiscated from his apartment.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
*GRANT & O'MALLEY CO., L.P.A.*
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 241-6868
(216) 241-5464  (FAX)
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing motion has been filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
*GRANT & O'MALLEY CO., L.P.A.*
**ATTORNEY FOR DEFENDANT**