DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United Sates of America, | ) | |
| | ) | CASE NO. 1:11 CR 70 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Richard M. Persa and | ) | |
| Matthew J. Holland, | ) | |
| | ) | |
| Defendants. | ) | |

I. Introduction

The defendants are charged in an Indictment with having participated in five bank robberies beginning as early as November 13, 2010, with a final bank robbery allegedly having taken place on December 30, 2010.

The defendants have filed a motion to suppress (Docs. 27 and 30) all statements made to officers of the Cleveland Police Department on January 13, 2011, all items seized on that date and all statements made to an agent of the Federal Bureau of Investigation ("FBI") on January 14, 2011. The defendants contend that the statements and the items seized resulted from illegal searches and seizure under the Fourth and Fourteen Amendments of the United States Constitution.

The Court conducted an evidentiary hearing on April 19, 2011 in response to the motions to suppress. The government elected to go forward with testimony in support of its opposition to the motions to suppress. The government produced three witnesses, Michael Billet, an officer with the Cleveland Police Department, Thomas Shoulders, a sergeant in the Cleveland Police

(1:11 CR 70)

Department and Kerry McCafferty a Special Agent of the FBI.

The defendants elected not to testify in support of their motions to suppress.

II. The Alleged Robbery of a Subway Restaurant in the Vicinity
of the Apartment Where the Defendants were Subsequently Located

The Cleveland Police Department was notified that a Subway Restaurant had been the subject of an early morning robbery on January 13, 2011. Officer Billet responded to the robbery scene and was advised that the apparent robber had entered an apartment building nearby the location of the Subway Restaurant. Officer Billet located the apartment building and was directed to Apartment 2 where he was advised that two males resided. Officer Billet noticed that the floor adjacent to the door of the apartment was wet. Billet indicated that freshly fallen snow would explain the wetness at the apartment door. No one responded to Billet's knocking on the door to Apartment 2 and he departed.

Subsequently, Sergeant Shoulders of the Cleveland Police Department engaged in a follow-up investigation of the Subway Restaurant robbery, returned to the door to Apartment 2 later in the day and knocked on the door requesting admission. Initially, no response followed Sergeant Shoulders' knocking on the door. Eventually, the defendant Matthew Holland opened the door to the apartment and did not resist the entry of Sergeant Shoulders into the apartment. The defendant Matthew Holland indicated no one else was in the apartment. However, subsequently Sergeant Shoulders heard noise in an adjacent room, entered it, and found the defendant Richard Persa hiding. At that point, Persa was handcuffed, and after Sergeant Shoulders indicated a belief that Persa was the recent bank robber, Persa acknowledged that he was the bank robber.

(1:11 CR 70)

### III. The Questioning of the Defendant Persa and Holland by FBI. Special Agent Kerry McCafferty

The two defendants, Persa and Holland, were taken to the Justice Department in downtown Cleveland and incarcerated. The next evening on January 14, 2011, Special Agent Kerry McCafferty, accompanied by several Cleveland Police Department officers, interviewed both defendants. Both defendants were advised of their Miranda rights and executed waivers of their Miranda rights. See Appendix I and II attached hereto. Both defendants admitted their involvement in the five bank robberies alleged in the Indictment.

### IV. Resolution of the Motions

After a consideration of the unchallenged testimony presented by the prosecution and which the Court finds credible, the Court finds that Sergeant Shoulders was engaged in a investigative detention based on reasonable articuable suspicion of criminal activity after locating Persa hiding in the bedroom after Shoulders entered the apartment following the opening of the door to the apartment by the defendant Holland and after Holland's denial that anyone else was in the apartment. *See Florida v. Royer*, 460 U.S. 491 (1983).

The Court further finds that Sergeant Shoulders did not violate the Fourth Amendment in his entry into the bedroom where Persa was hiding. Sergent Shoulders, in the apartment with the consent of Holland, was entitled by the public-safety exception endorsed by *United States v. Talley*, 275 F.3d 560, 563 (6th Cir. 2001) to search the bedroom in which the defendant Persa was hiding after Shoulders entered the apartment.

The Court finds the credible testimony offered by the government, summarized as follows, supports a finding of reasonable suspicion of criminal activity justifying the entry into

3

(1:11 CR 70)

the bedroom where Persa was located and the subsequent warrantless arrest of both defendants, Persa and Holland.  The arrest of Persa was based on probable cause that he had engaged in the Subway robbery and in the earlier bank robberies, and the arrest of Holland was based on probable cause for obstruction of justice.

    1)    The suspect of the Subway attempted robbery went into the apartment building located at the corner of West 25th and Marvin Avenue, Cleveland;

    2)    Information received from several of the tenants stated that the description of the Subway attempted robbery suspect fit the description of one of the occupants of Apartment 2 of the Marvin Avenue building;

    3)    The officers observed fresh wet marks outside of the door to Apartment 2 shortly after the robbery, which indicated that someone had recently entered that apartment;

    4)    The suspect of the crime was described as a white male, tall, thin, and blue eyes;

    5)    Detective Borden and Sergeant Shoulders, later on the same day, were admitted to Apartment 2 by Holland, who did not match the description of the suspect.  Holland is short and thin with dark eyes;

    6)    Holland stated to Detective Borden and Sergeant Shoulders that he

(1:11 CR 70)

>   was alone in the apartment. The noise coming from the bedroom indicated to the officers that there was another person in the apartment, possibly the suspect of the Subway attempted robbery, whom the witnesses had stated had his right hand in his pocket, impressing on them that he had a gun;

7) Persa was lying on the bedroom floor with his head covered by the hood of his sweatshirt, he was lying on his hands, not moving, and unresponsive to the commands and poking from Sergeant Shoulders to come up with his hands up; and

8) When Persa stood up he stated to Sergeant Shoulders, "You got me ... you got me." When asked why he did not comply when asked to get up, he responded, "You know why."

In sum, the Court finds that the totality of the circumstances as reflected in the unchallenged testimony of Officer Billett and Sergeant Shoulders supported the continuing investigation of the Subway Restaurant robbery of January 13, 2011, the unopposed entry into Apartment 2 where initially only Holland was located, and the subsequent entry into the bedroom of Apartment 2 where Persa was found hiding. The following arrest of Persa for the Subway Restaurant robbery was based on probable cause as Persa matched the identification of the Subway robber, admitted the same and probable cause justified the warrantless arrest of Holland for obstruction of justice. The Court further finds that the oral admission of Persa to Sergeant Shoulders regarding the bank robberies was not the product of a custodial interrogation

5

(1:11 CR 70)

requiring a *Miranda* warning and waiver, but rather a volunteered statement.

The two oral statements made by the defendants to FBI Special Agent McCafferty followed the *Miranda* warning and the written waiver required by *Miranda*. Consequently, the oral statements made by the two defendants to Special Agent McCafferty are not subject to suppression. The motion to suppress those statements is DENIED.

As a consequence, the motions of the two defendants, Persa and Holland, are DENIED in their entirety.

IT IS SO ORDERED.


| April 20, 2011 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |