# IN THE UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.:  11 CR 70** |
| | ) | |
| **Plaintiff** | ) | **JUDGE DAVID D. DOWD, JR.** |
| | ) | |
| -vs- | ) | |
| | ) | |
| **RICHARD PERSA** | ) | **DEFENDANT'S RESPONSE** |
| | ) | **TO THE PRE-SENTENCE** |
| **Defendant** | ) | **INVESTIGATION REPORT** |
| | ) | **AND REQUEST FOR VARIANCE** |

Now comes the Defendant, Richard Persa, by and through counsel, and hereby submits the following responses to the pre-sentence investigation report and a request that this Honorable Court grant Defendant a variance from the recommended guideline range.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
*GRANT & O'MALLEY CO., L.P.A.*
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 241-6868
(216) 241-5464  (FAX)
**ATTORNEY FOR DEFENDANT**

I. **OBJECTIONS AND RESPONSES TO THE PRESENTENCE INVESTIGATION REPORT**

1. Objection to enhancement in paragraphs 26, 33 and 46 for threat of death. Defendant did not possess a gun during any of the robberies. Although he stated that he had a weapon, he made no menacing gestures or comments. Mr. Persa made no express or implied threat to cause the death of the tellers and his conduct did not instill in a reasonable person such fear. In *United States v. Tolen*, 143 F. 3d. 114 (8th Cir. 1998), the court declined to impose an enhancement under Section 2B3.1(b)(2)(F) when a teller was told to "place money in the bag and no one will get hurt." *Tolen*, supra is analogous to the level of threat imposed in this matter.

2. If the above-enhancement does not apply, Defendant is a combined base level 26 before application of a deduction for acceptance of responsibility.

3. Paragraph 70: If the above-enhancement does not apply, Defendant's total offense level would be 23 with full deduction for acceptance.

4. Paragraph 82: The aggravated robbery of Key Bank referenced in this pending change is the same offense to which Defendant pled guilty in Count 3 of the instant complaint. Mr. Persa did not possess a firearm during this incident.

5. Paragraph 86: "Personal and Family Data" – Mr. Persa's stepfather was verbally abusive and an alcoholic.

6. Paragraph 87: Mr. Persa does not recall saying that he wishes he had disappeared on May 21, 2011 when the world was predicted to end. If it is the interviewer's recollection that he made this statement, it was made in jest. Mr. Persa is very depressed but he is not suicidal.

7. Paragraph 92: "Substance Abuse" – Mr. Persa did not start using heroin until the age of 24. Previously, he used oxycotin and other opiates.

8. Paragraph 106: "Guideline Provisions" – If Mr. Persa is an offense level 23 and a criminal history category 4, his range is 70 to 87 months.

9. Sentencing Options: Should include a recommendation that Defendant participate in a five hundred hour intensive drug treatment program per 18

U.S.C. § 3621(e) and 28 C.F.R. § 550.50. Mr. Persa has a documented and verifiable drug abuse problem. He has no serious mental impairments. He is willing to sign an agreement for entrance into the program and he can be placed in an institution offering the same.

## II. BASED UPON AN ANALYSIS OF THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. § 3553(a), DEFENDANT SHOULD RECEIVE A VARIANCE FROM THE RECOMMENDED GUIDELINE RANGE

The presentence report prepared by the United States Probation Department computes the Defendant's total offense level at 25 and his criminal history at a level 4 or a range of 84 to 108 months. In determining an appropriate sentence, the court must consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a). These factors include:

1. The nature and circumstances of the offense, and the history and characteristics of the defendant;
2. The need for the sentence imposed –
    A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
    B) To afford adequate deterrence to criminal conduct;
    C) To protect the public from further crimes of the defendant; and
    D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. The kinds of sentences available;
4. The advisory guideline range;
5. Any pertinent policy statements issued by the sentencing commission;
6. The need to avoid unwarranted sentence disparities.

Regarding the nature and circumstances of the offenses, Mr. Persa did not use a weapon. He did not attempt to injure or injure anyone in the robberies committed. During the December 15, 2010 and December 30, 2010 robberies, Mr. Persa acted as a

getaway driver. At the time of this arrest, Mr. Persa detailed his involvement in the bank robberies for Cleveland Police and the FBI.

Mr. Persa's personal history significantly impacted upon his involvement in this case. His biological father died when he was an infant. He was raised by his mother, a de facto stepfather, and a maternal grandmother. All three were physically or emotionally abusive. Mr. Persa was regularly subjected to beatings by his mother and grandmother. Mr. Persa has related that due to these beatings he would refuse to attend school gym class due to visible welts on his body.

Mr. Persa was provided with no guidance, encouragement or nurturing by any of the adults in his life. To the contrary, he was beaten, belittled and discouraged from achieving. Predictably, he looked to drugs as an escape from a dysfunctional upbringing. Mr. Persa developed a serious drug problem in his early teens and it culminated in a several-hundred-dollar-a-day heroin addiction. This addiction fueled Mr. Persa's involvement in these robberies.

It is also noteworthy that prior to his heroin addiction Mr. Persa had never been convicted of a felony offense. The theft conviction, robbery conviction and the instant bank robberies were all commenced following Mr. Persa's heroin addiction. All were precipitated by his quest for money to supply his habit.

Despite a horrific upbringing and limited educational opportunity, Mr. Persa has shown positive abilities. Due to family issues and a learning disability he dropped out of school in ninth grade. However, in the institution Mr. Persa taught himself to read and obtained his GED. Mr. Persa is now a voracious reader who demonstrates significant intellect in dealing with his legal and personal issues. He has also shown the ability to engage in steady employment. Although Mr. Persa has not held any particular job for a period of years, he steadily worked and has held jobs ranging from landscaping to cooking.

Unfortunately, Mr. Persa has never had the benefit of counseling and a comprehensive drug treatment program. Although he remains angry about his formative years, Mr. Persa has insight into his addiction and the impact it had on his behavior. With proper counseling and job skill development Mr. Persa has the intellect and

discipline to be productive. He has already shown an inclination to overcome obstacles imposed by his disadvantaged upbringing.

Based upon the foregoing, a sentence in the rage of 60 months would punish Mr. Persa for his wrongdoing. This would still represent the longest period of incarceration Mr. Persa has ever served. This sentence would sufficiently punish him while at the same time provide ample opportunity for educational and vocational training and drug counseling. At age 29 Mr. Persa is still young enough to seize this as an opportunity to become a productive person. A longer period of incarceration will only unnecessarily delay this process.

Given Mr. Persa's disadvantaged upbringing, non-violent history and ability to overcome obstacles, a sentence of 60 months is warranted. This will not demean the seriousness of his conduct or inadequately protect the public.

        Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113
(216) 241-6868
(216) 241-5464 (FAX)
**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies a copy of the foregoing motion has been filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

                                    *s/ David L. Grant*
                                    **DAVID L. GRANT  (#0008407)**
                                    ***GRANT & O'MALLEY CO., L.P.A.***
                                    **ATTORNEY FOR DEFENDANT**